of the day which is 21-11-084 Martinez versus Reynolds all right and I see we have Ms. Gooden here for the appellant, Ms. Beckham here for the appellee. Ms. Gooden whenever you're ready no hurry. May it please the court. Kansas Gooden on behalf of Michael Martinez. This court should reverse and remand with directions for this limitation of liability action to proceed. This case is controlled by basic matters of contract interpretation. The text of this release does not prohibit this action from moving forward. So what are these basic rules of interpretation that control this case? To paraphrase Scalia text is a paramount concern and those words must be viewed in context and when they're viewed in context and read that is where we get meaning. Contracts must be read as a whole and every provision should be given meaning. Terms should not be considered in isolation and a court should not omit or delete words from a contract and the trial court violated these principles and specifically the trial court deleted text from its order and inserted an ellipsis in the words that it deleted specifically in paragraph 2 arising out of or resulting from any property damage or injuries sustained by Martinez. That language changed the entire context of the case. I'll ask you a question. I got to tell you this provision is hard to make sense of. There are these two different arising out of clauses. As you say the district court ellipsized the first and sort of focused on the second. If they're both in there how do they work together? I don't really understand how the two arising out of clauses work together because I think I understand that you would prefer to focus on the first one but then what does that leave the second one to do? I just can't make heads or tails of it frankly. Well I think if you read the document as a whole throughout this document it continually talks about Martinez's claims for injuries, his claim for damages against Reynolds and that is what was happening in that limitation of liability action. It was and just again putting this in context this release arose in a limitation of liability action filed by Reynolds. Martinez disappeared to contest it and that's where this settlement happened. It was to settle Martinez's personal injuries and property damage claim. The instant case that we're here on is about essentially Martinez's liability. So Reynolds is gonna sue or has sued Mr. Martinez for his personal injuries and that is where we're at and so this release when you read it as a whole it continually talks about Martinez's injuries, Martinez's damages and so again if you put it kind of everything together and read it in context there is really no inconsistency between those two arising out of clauses because when it talks about the incident or limitation of liability action there was only one at the time and it's specifically referenced in the whereas clause. It's the second one and specifically in quotes that it's called limitation of liability action. So when you read this release again as a whole it's clear what it specifically pertained to and it did not affect Reynolds's claim for personal injuries. It did not affect Martinez's defenses to those claims. It did not affect this case which Martinez brought to limit his liability and this is because Mr. Martinez is not seeking damages in this case against Mr. Reynolds at all. Instead he's trying to protect himself and the claims against him. When this action was filed there were other claimants to other than Mr. Reynolds. There were I believe three or four other claimants on Mr. Martinez's boat who also were severely injured as well as a result of this accident and the petition that Mr. Martinez filed describes them. So again this is about Mr. Reynolds injuries and Martinez's attempts to limit that liability. The arising outage is joined by an and. Why isn't it both? And again I think if you reference the whereas clause as to what it is it's the second whereas clause. It says Reynolds filed a petition for a limitation or exoneration of liability and it specifically references that case number and it says the limitation action and that is what's referenced. So it's arising out of that limitation action. Who drafted the agreement? It was multiple attorneys on both Martinez and Reynolds side in Reynolds lawsuit. And just following up and if you're I'm not asking you to divulge any client confidences but if you can tell us was one of these arising under clauses added by one party and the other arising under clause added by the other party? I do not know because I was not counsel of record. I was just brought in for this appeal but it's not clear from the record kind of who who insisted on what. I mean you can make a pretty good assumption as to you know there's parts of this release that looks like it was insisted on by one party or another specifically with regard to paragraph 18 but the general terms you can't really tell. How do you get past this is as broad a release as I think I have ever seen and and it includes the language about all of actions and actions causes and causes of actions from all manner. And so it seems to me we've cast as broad a net as could be cast to cover these matters and at first I was troubled well did he possibly see this coming since he's settling his own claim against the person who is now the plaintiff Mr. Reynolds. Well he did because there's mention in here of the defenses that he's reserved when that occurs or it may have already been filed when this happened. I don't know but regardless he knew this was a possibility of the future and yet signs this broader release. How would you have made it any tighter I guess short of mentioning an action such as this specifically but you've said all causes of action which seems to encompass most everything. But again that's focusing on isolated kind of phrases within paragraph two and I think again if you kind of read it all together there are very qualifying terms throughout this release. The arising out of or resulting from any property damage or injury sustained by Martinez. Paragraph three this is a release of any and all claims by Martinez against Reynolds for damages arising out of the limitation action. Paragraph six specifically talks about injuries sustained by Martinez and basically collateral benefits paid on behalf of damages. Paragraph nine this resolves disputed claims by Martinez against Reynolds and again paragraph 18 kind of goes into it as well. Specifically this release is specifically intended to release Reynolds from any and further liability to Martinez for injuries and damages sustained by Martinez. And I think when you read all of this together in context that is what it's it's meant to release those injuries and damage claims. It is not to prohibit Martinez from protecting himself from the claims against Reynolds. He was allowed to file this limitation of liability action. Would you agree that a limitation of liability action is a cause of action? So I will say this I think it's different because if you look at the case law in this area there it's it's some weird cases to be honest. This is a very odd area of law. I'll give you that. I mean you have the whole line basically saying that a suit you know a limitation of liability action that names a state is not a lawsuit against a state that violates the 11th circuit. Then you have bankruptcy cases that says this is not you know a cause of action against a debtor which violate a bankruptcy today. So I think it is a more of a defensive action when you look at everything because if you read all that case law it talks about the defensive nature of this type of action and you're not seeking affirmative relief from anybody. You don't name a defendant. You don't serve formal process. You just file a petition in federal court and the claimants appear on their own volition and they're the ones who come in and contest it. They have the burden of proof. And so I think it's just a weird this is a weird area of law that came up you know the act is from 1851 and comes up from the medieval times. So I do think it's just a strange area of law that has developed. So I'll just tell you for my money I think your stronger argument is not that this is not an action. I think your stronger argument is your sort of like contextual reading of the release. I'm not asking you to concede judge you know the judge's question but I just think your stronger position is probably on the context of the release. I agree with you your honor. That is my stronger argument. Judge Marcus did you have a question before she sits down? I'm fine thank you. I will reserve the rest of my time for rebuttal. Thank you. All right Ms. Beckham you have 15 minutes. Your honors may it please the court. I think when you take isolated phrases I agree with counsel. You have a convoluted document but what's important here is in paragraph 8 it specifically states it was drafted by both parties. It's not to be construed in favor of one party or the other and when you look at the very top of the settlement agreement it's not only Michael Martinez executing it individually which is really what's interesting. It's made by Michael Martinez individually and as owner of the vessel. Clearly when you talk about it as owner of the vessel you're contemplating that limitation action. In a straight bodily injury settlement you wouldn't say John Doe and as owner of a 1998 Toyota. So you're adding another element to that. The part about there's two arising out of clauses there's an and before the second one and what does the and say and arising out of or resulting from the incident and or limitation action. The incident encompasses both Mr. Martinez and Mr. Reynolds claim. It doesn't say one in favor of the other and when we talk about frankly bodily injury releases you could not have a broader release than this one. Can I ask you just a quick question about the the two arising out of clauses and I don't mean to get hung up on this but is it correct that the parties provided the district court with competing proposed orders that yours was effectively adopted. Basically yes. And that that it ellipsizes the middle arising under clause. I think that it does it does take it out yeah. So I mean you know. Because I believe that the district court thought it was so encompassing with the second one that almost the first one was not necessary because the second one broadened the scope of the release. So then what work what work is the first one doing just so I'm clear. I think it's just focusing that we are paying a hundred thousand dollars for this claim but also we are limiting Martina's ability to file a limitation action and what's really interesting it talks about in that paragraph two claims in admiralty. There's no other reason for this release to emphasize claims in admiralty and talk about statutory claims unless they were contemplating that limitation of liability action. Now what happens in the release is we go through it and we go through the different paragraphs and then we get to to paragraph 18 which I think to some extent attempts to sort of clarify what they're talking about and what it says is this release precludes any further and future claims or counter claims by Martinez against Reynolds arising out of the voting accident in question. So would can I just ask you a favor would you also read the sentence that immediately precedes that sentence that you just read? Certainly this release is specifically intended to release Reynolds from any further liability to Martinez for injuries and damages sustained by Martinez in the afore described incident. Don't you think that colors what the next sentence? No because I think the next sentence broadens it. And then what the just I guess back to the question I asked you about the other one what what work then is that first sentence that I just asked you to read doing? I think it's saying we are paying you this hundred thousand dollars for this incident in question and I think the second sentence goes to the fact that it's not it's precluding you from filing the limitations action as part of this. I think that's a term and if we go to the third section I think it's even more clear nothing in this release will prevent or preclude in any way Reynolds ability proceed with his own claim for damages. So clearly it's contemplated against Martinez arising from the subject boat collision. And then and then just just so we have the full record before us the next sentence then says. I'll be happy to read that. Yeah I won't make you do it. The release is not intended and does not waive any defenses which Martinez is entitled to raise in the claim Reynolds in the in the claim by Reynolds against Martinez. Exactly. I think what they might say as well you know this limitation of action thing is sort of functionally a defense and so this thing contemplates the next round. I think both actions are contemplated in in looking at the entire release. I think the limitation action was contemplated and I think that there is clearly no way that a limitations action would not preclude Reynolds ability to recover. And why do I say that? And we talked about a little bit about whether it's an action. I think the enabling statute 30511 says the owner of a vessel may bring a civil action. Clearly it's an action. So I think when you read this together you had two sets of attorneys and I and I think your honor probably hit it on the head. One said I want this paragraph in and one said well if you want this paragraph I want this paragraph and let's broaden it to this. And I think that the overall release was to release all of the claims to release the limitations action to have Mr. Martinez get the insurance proceeds. And I think that part is really really clear. You don't put in the beginning of the release it's Michael Martinez individually and as owner of the vehicle of the vessel rather. If that's not your intention it just would have been Michael Martinez individually because the limitation action as counsel correctly pointed out is in favor of the vessel. Help me understand what's happening here. As I understood the thrust of the release it was designed to say no claims. You can't file a claim against Reynolds. Reynolds paid a hundred thousand dollars and that was the end of it. The nature of this cause of action is a very peculiar one sounding in Admiralty and I want you to help me with it because as I understand a petition for limitation of liability it's very peculiar. It's purely defensive in nature. The way it works is and it's an old doctrine going back hundreds of years long accepted in American Admiralty jurisdiction and basically it says if I understand it right when you file the limitation action you're not suing anybody. This is not a claim by Martinez against Reynolds in any way shape manner or form. All that's going on here is that the district court is required to notice the entire world of potential claimants enjoying future claims against the petitioner and allow the claimants to receive a pro rata share of the vessel and the freight. It strikes me as purely defensive in every way shape manner and form. It isn't a claim by Martinez against Reynolds or by Martinez against anybody. It's a way for the vessel owner to limit liability against the whole world. If it's purely defensive in nature can this be conceived of as a claim by Martinez against Reynolds or an action to use that word by Martinez against Reynolds as opposed to this peculiar beast sounding in Admiralty law which was designed to accomplish something very different. That's the trouble I'm having here and I think we can debate the language of the the release and obviously we look at it pursuant to normal contract action but isn't this purely defensive and of a wholly different character so that you can't fairly call it a claim by Martinez against Reynolds. Your honor it is an action at its heart and yes it's a defensive action but here's what distinguishes it and what's important. Had the release only said at the top the settlement agreement and release of claims is made by Michael Martinez I think your honor's question would have a different answer but it doesn't only say that it says Michael Martinez individually as owner of a 2019 22-foot k-porn. The only way that that comes into play is if it's related to the limitation action and frankly in paragraph 2 when it talks about statutory claims and Admiralty claims the only thing it could be referencing there would be the limitation of liability action and when we talk about going to paragraph 18 that it precludes any further and future claims or counterclaims by Martinez against Reynolds, Martinez as the owner of the vessel is the only one that's able to bring that limitation of liability action and the fact that it's specifically named in the preamble to their release tells me that that's exactly what's contemplated. Let me just ask you the two things here to unpack. One is this really a claim or counterclaim by Martinez against Reynolds? Is that really what's going on here? And two even if it isn't I take your argument to mean that the language of the settlement itself spoke to that too and it was designed to eliminate that possibility too but those are two different two different propositions because it seems to me limitation of liability is plainly defensive in nature it's not a claim against anyone it's just I put my boat up I send it to the Admiralty court the Admiralty court puts a value on it and then all the claimants in the whole world will come in. I'm not suing anybody I'm conceding a liability against the whole world I'm just fixing the cap of the liability if I Your argument is even if that's so they agreed to give that up too for a hundred grand. Do I have that exactly right? Yes your honor. What exact language in the settlement agreement would tell me that Martinez traded away that cause of action to file a limitation of liability action? Where would I go to the agreement to find it? Absolutely we would start obviously as I previously mentioned with the fact that he is signing this release in two capacities individually and as vessel owner. If you go to paragraph two he is releasing and forever charge Reynolds and his vessel insurer for any and all manners of action and actions causing of causes of actions claims the party made hereto could or should have made including but not limited to any and all claims for negligence it goes through statutory it says known or unknown in Admiralty or to be discovered in the future. It cannot possibly be any broader than that language and the fact that he is signing it individually and his owner of the vessel and then releases the statutory causes of action claims and actions the Admiralty causes of action it's further contemplated in paragraph 18 and I think that it's as convoluted as the arising out of is I think it just broadens what's and what's available and I think that clearly by the preamble by paragraph 2 and by paragraph 18 clearly the limitation of action was was precluded and when you look at the releases or the defenses and as your honor is saying it's a defensive action had they wanted to put that in there they would have put that in the last sentence of paragraph 18 where it says these defenses include but are not limited to comparative fault as two attorney as two law firms drafting this agreement they could have included comparative fault and a limitation of liability action and that was nowhere in there so I think it's fairly clear that this releases as broad a release as a party could possibly get and it precludes any further actions. I'm by no means a maritime or Admiralty law expert but so let me move it to would this be closely analogous to someone filing an interpleader action essentially paying into court some sum of money and saying you folks fight over it and decide who's entitled to what I mean limitation of actions I'm sorry I didn't point a limitation uh of liability action is that's essentially what it's about I'm no expert in Admiralty either your honor I'll concede but no I think it's different because that would be a third party coming in in an intervention action not somebody who actually executed the release and who did it on the vessel's behalf and on his behalf so that's where I would draw that distinction your honors thank you I would ask you to affirm the decision of the thank you very much all right uh Ms. Gooden you've got four minutes of rebuttal time so my opposing counsel really focuses on this owner of the vessel um with the identification number and I'll tell you why it's in there Mr. Martinez released his property damage claim now how do we know this paragraph two what was his property his boat it had to be specifically identified in order to be released that's why it's there it had nothing to do with this limitation of liability action he was releasing his property damage claim so it is not as broad as my opposing counsel would want this court to believe and again I just would like to focus this court on the second where for clause that actually defines the limitation action as Reynolds limitation action not Martinez's limitation of action um the last thing Judge Marcus your correct basically a petitioner files a petition puts the money in the court and tells people have at it um multiple claimants come in they kind of fight over the money a concursus is formed and that is kind of how these actions proceed but you understand your colleague's argument was that's all correct but you gave that away too and that release itself is clear that you gave everything away including what by everybody concedes is defensive in nature and this is I think where we have the fundamental disagreement with this release and again I just always kind of go back to first principles of contract interpretation read the document as a whole every provision has to be given meaning the court cannot delete or omit text or add meaning and so when you read this release as a whole I think there can really only be one determination and that is it is releasing Martinez's claims for personal injuries and property damage and for those reasons your honor um we ask that you reverse and remand and allow this limitation of liability action to go forward and the injunction to be put back in place thank you thank you very much interesting case well argued on both sides that case is